IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VALERIE LATIMORE,

     Plaintiff,

    v.

U.S. BANK N.A., and BARRETT
DAFFIN FRAPPIER LEVINE &
BLOCK LLP,

     Defendants.

CIVIL ACTION FILE

NO. 1:15-CV-04035-RWS-WEJ

## ORDER AND
## NON-FINAL REPORT AND RECOMMENDATION

    Plaintiff Laitmore filed this "Complaint for Permanent Injunction for Cease and Desist any and all Foreclosure Proceedings and Collection Activity, in any and Every, Including Reporting any Payment Activities; and Other Equitable Relief" [1-2] in the Superior Court of Clayton County on October 1, 2015.  On November 18, 2015, defendant U.S. Bank N.A. ("U.S. Bank"), with the consent of Barrett Daffin Frappier Levine & Block, LLP ("Barrett"), removed the matter to this Court. (Notice of Removal [1].)

Plaintiff then filed a Motion to Quiet Title [3] and a Motion for Relief to Set Aside Foreclosure for Injunctive Relief [4].  U.S. Bank N.A. ("U.S. Bank") then filed a Motion to Dismiss [5].  After observing that Ms. Latimore had not responded to U.S. Bank's Motion to Dismiss, this Court entered an Order on December 17, 2015, requiring plaintiff to show cause why her case should not be dismissed within ten days of the date of the Order.  (Show Cause Order [11] 2.) Plaintiff was warned that her failure to respond to the Show Cause Order would result in a recommendation that her claims against U.S. Bank be dismissed.  (Id.) Nevertheless, to date, Ms. Latimore has ignored the Show Cause Order and has failed to file a response in opposition to U.S. Bank's motion.  Therefore, the motion is deemed unopposed.  N.D. Ga. R. 7.1.B.

When a plaintiff fails to respond to a motion to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b), granting the motion based solely on the party's failure to respond is within the discretion of a district judge. See Magluta v. Samples, 162 F.3d 662, 664-65 (11th Cir. 1998).   Additionally, the Court may dismiss a case for want of prosecution if a plaintiff refuses to obey a lawful Order of the Court.  See Fed. R. Civ. P. 41(b); N.D. Ga. R. 41.3(A)(2) ("The court may, with or without notice to the parties, dismiss a civil case for want of prosecution if . . . [a] plaintiff . . . shall, after notice, fail or refuse to

2

appear at the time and place fixed for pretrial or other hearing or trial in a case or fail or refuse to obey a lawful order of the court in the case.").

Because plaintiff has refused to obey a lawful Order of the Court, the undersigned **RECOMMENDS** that plaintiff's claims against U.S. Bank [1] be dismissed for want of prosecution.

Defendant Barrett did not file its own motion to dismiss. Nevertheless, arguments made in U.S. Bank's Motion apply equally to Barrett. Plaintiff is not harmed by the Court sua sponte addressing the allegations against Barrett because she will have the opportunity to object following the filing of this report and recommendation. See Martin v. Citimortgage, No. 1:10-cv-00656-TWT-AJB, 2010 WL 3418320, at *6 n.8 (N.D. Ga. Aug. 3, 2010), R&R adopted by 2010 WL 3418322 (N.D. Ga. Aug. 25, 2010) (citing Shrivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 127 (11th Cir. 2008) (a party has notice of a

---

[1] While plaintiff filed this action against both U.S. Bank and Barrett, and the Complaint continually refers to "Defendants," plaintiff asserts five causes of action under Georgia law against only U.S. Bank (Counts I, II, III, IV, and V), one cause of action under Georgia law and one cause of action under the Federal Fair Debt Collection Practices Act ("FDCPA") against only Barrett (Counts VI and VIII), and one cause of action under the FDCPA against both U.S. Bank and Barrett. (Count VII).

3

district court's intent to <u>sua sponte</u> grant summary judgment when a magistrate judge issues a report recommending the <u>sua sponte</u> granting of summary judgment which allows for objections to that determination).

The claims asserted in the Complaint appear to be based on a mortgage loan plaintiff obtained and used to purchase real property located at 1487 Buckingham Court, Hampton, Georgia 30228 ("the Property"). (Compl. 3.)  It further appears from the Complaint that certain other of plaintiff's claims are based on defendant U.S. Bank having initiated non-judicial foreclosure proceedings on the Property, and defendant Barrett having acted as foreclosure counsel for U.S. Bank during those proceedings.  (<u>Id.</u>).

The Complaint is an impermissible shotgun pleading.  It contains 102 paragraphs that assert vague, conclusory allegations, devoid of meaningful facts. Each of the Complaint's eight causes of action, including those alleged against Barrett alone, incorporate all preceding allegations.  Overall, it is difficult if not impossible to discern what claims for relief plaintiff seeks to assert.  <u>See</u> <u>Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.</u>, 162 F.3d 1290, 1333 (11th Cir. 1998) (shotgun pleadings "invariably begin with a long list of general allegations, most of which are immaterial to most of the claims for relief," and all of which "are incorporated by reference into each count of the complaint").

4

The Complaint is also a form complaint identical to at least five others filed in state courts within this district.  See, e.g., Greaves v. Bank of Am., N.A., No. 1:12-cv-02828-RWS (N.D. Ga. removed Aug. 15, 2012); Mukendi v. Wells Fargo N.A., No. 1:13-CV-1436-RWS (N.D. Ga. removed Apr. 29, 2013); Holland et al. v. Bank of Am., N.A. et al., No. 1:12-cv-02469-WSD (N.D. Ga. removed July 16, 2012); Baker v. Select Portfolio Servicing, Inc. et al., No. 1:12-cv-03493-JEC (N.D. Ga. removed Oct. 5, 2012); Mitchell v. Bank of Am., N.A., et al., No. 1:12-cv-3948-TCB (N.D. Ga. removed Nov. 12, 2012).  The undersigned notes that plaintiff's use of a form complaint evidences that her claims were not brought in good faith.  See Martin v. Citimortgage, No. 1:10-CV-00656-TWT-AJB, 2010 WL 3418320, at *6 n.8 (N.D. Ga. Aug. 3, 2010), R&R adopted by 2010 WL 3418322 (Aug. 25, 2010).  ("[T]hat Plaintiff filed the same boilerplate complaint as many other litigants suggests that her claims were not brought in good faith.").

While "[a] document filed pro se is 'to be liberally construed'. . . and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted), nothing in that leniency excuses a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. Even though a pro se complaint should be construed liberally, it still must state a

claim upon which the Court can grant relief.  See Lampkin-Asam v. Volusia Cty. Sch. Bd., 261 F. App'x 274, 276-77 (11th Cir. 2008) (per curiam) (internal punctuation omitted); see also McNeil v. U.S., 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

However, in the Eleventh Circuit, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541 (11th Cir. 2002) (en banc) ("decid[ing] and intimat[ing] nothing about a party proceeding pro se")).  Thus, plaintiff may amend the allegations of Counts VI, VII, and VIII to attempt to state a claim against Barrett.

Accordingly, the undersigned **RECOMMENDS** that U.S. Bank's Motion to Dismiss [5] be **GRANTED** and this defendant **DISMISSED** from this action.

The Court **ORDERS** plaintiff to amend Counts VI, VII, and VII of the Complaint [1-2] in accordance with the applicable pleading rules within **FOURTEEN (14) DAYS** of the date of this Order and Report and Recommendation.  Plaintiff is advised that failure to amend her Complaint will

result in a recommendation that this case be dismissed for want of prosecution. See N.D. Ga. R. 41.3A.(2) (permitting court to dismiss civil case for want of prosecution if a "plaintiff or plaintiffs attorney shall, after notice, . . . fail or refuse to obey a lawful order of the court in the case").

The Clerk is **DIRECTED TO RESUBMIT** this case to the undersigned Magistrate Judge upon receipt of an amended complaint, or at the expiration of the above time period.

**SO ORDERED AND RECOMMENDED**, this 7th day of January, 2016.


WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE